# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| A.C. JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:22-cv-00148-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on a document filed by movant A.C. Jackson that has been construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docket No. 1). Based on that review, and for the reasons discussed below, the Court will deny and dismiss the motion because it is successive, and because movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for the Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

Movant is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Petersburg, Virginia. On July 18, 2013, he was indicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Jackson*, No. 1:13-cr-67-SNLJ (E.D. Mo.). Following a jury trial on January 14, 2014, movant was found guilty on both counts. On April 10, 2014, the Court sentenced him to 210 months' imprisonment and three years' supervised release on each count, to be served concurrently. Movant subsequently filed a notice of appeal.

In his direct appeal, movant challenged the Court's denial of his motion to suppress. *United States v. Jackson*, 784 F.3d 1227, 1229 (8th Cir. 2015). Specifically, he argued that the search warrant failed to supply probable cause, and that the *Leon*[1] good faith exception should not have been applied to admit the evidence from the search. *Id*. On May 5, 2015,[2] the United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment. *Id*. at 1232. Movant's requests for rehearing and rehearing en banc were denied on June 10, 2015.

Movant filed his first 28 U.S.C. § 2255 motion on June 22, 2015. *Jackson v. United States*, No. 1:15-cv-115-SNLJ (E.D. Mo.). In the motion, he raised ten grounds for relief, alleging: (1) that the grand jury indictment was unconstitutionally vague and failed to charge an offense; (2) that the grand jury indictment was constructively amended; (3) that he was denied his constitutional right to testify at a competency hearing; (4) that he was not convicted of the offense for which he was charged; (5) that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him; (6) that the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague; (7) that the government improperly commented on a prior conviction; (8) that his sentence was unconstitutionally excessive; (9) that the Court allowed a juror to sleep during the trial; and (10) that the Court improperly allowed the grand jury access to a copy of the indictment. On November 5, 2015, the Court denied the motion on the merits, whereupon movant filed an application for a certificate of appealability.

On January 28, 2016, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability. *Jackson v. United States*, No. 15-3693 (8th Cir. 2016). His motions for rehearing en banc and for a panel rehearing were likewise denied on

---

[1] *United States v. Leon*, 468 U.S. 897 (1984).
[2] The Court of Appeals initially filed its opinion and judgment on May 5, 2015. A corrected opinion was filed on May 27, 2015.

March 17, 2016. Shortly thereafter, on March 23, 2016, movant filed a petition for writ of certiorari in the United States Supreme Court. *Jackson v. United States*, No. 16-5200 (2016). The petition was denied on October 3, 2016.

On January 31, 2017, movant sought authorization from the United States Court of Appeals for the Eighth Circuit to allow the Court to consider a successive application for relief under 28 U.S.C. § 2255. *Jackson v. United States*, No. 17-1214 (8th Cir. 2017). In his application, movant argued that he was actually innocent, that the indictment was void, and that attempted aggravated robbery or second-degree burglary was no longer necessarily a crime of violence. On May 19, 2017, the Court of Appeals denied the motion for authorization to file a successive habeas application.

On June 22, 2017, while incarcerated in the Eastern District of Virginia, movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jackson v. Wilson*, 2017 WL 7789722 (E.D. V.A. 2017). In the petition, he argued that he was entitled to resentencing because the application of the Armed Career Criminal Act used to enhance his sentence had been declared invalid by the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015).[3] The United States District Court for the Eastern District of Virginia determined that movant was attempting to circumvent the restrictions on successive 28 U.S.C. § 2255 motions, and dismissed the § 2241 petition on June 30, 2017. On October 20, 2017, the United States Court of Appeals for the Fourth Circuit denied movant's request for a certificate of appealability. *Jackson v. Wilson*, 699 Fed. Appx. 214 (4th Cir. 2017).

---

[3] The Armed Career Criminal Act's residual clause defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court's decision in *Johnson* did not affect the constitutionality of the Act's "force clause," which defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 28 U.S.C. § 924(e)(2)(B)(i).

3

Back in the Eastern District of Missouri, movant filed a petition for error coram nobis on February 20, 2018. *Jackson v. United States*, No. 1:18-cv-40-SNLJ (E.D. Mo.). The Court construed the petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and dismissed it as successive on March 19, 2018. Movant filed a notice of appeal. On May 21, 2018, the United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment. *Jackson v. United States*, No. 18-1713 (8th Cir. 2018).

On June 26, 2019, movant filed a motion under 28 U.S.C. § 2244 with the United States Court of Appeals for the Eighth Circuit, seeking authorization to file a successive 28 U.S.C. § 2255 motion in this Court. *United States v. Jackson*, No. 19-2349 (8th Cir. 2019). In the motion, he suggested that new interpretations of the law meant he was entitled to relief. The Court of Appeals denied his motion on September 16, 2019.

On April 8, 2022, movant filed yet another motion with the United States Court of Appeals for the Eighth Circuit, again seeking authorization for this Court to consider a successive 28 U.S.C. § 2255 application for relief. *Jackson v. United States*, No. 22-1736 (8th Cir. 2022). In the motion, movant asserted that his sentences under 28 U.S.C. § 924(e) were unauthorized by law. The Court of Appeals denied his motion for authorization to file a successive habeas application on May 27, 2022. A subsequent document construed as a petition for rehearing was denied by the Court of Appeals on October 17, 2022.

On July 15, 2022, movant filed a document in this Court titled "Motion for Fraud Upon the Court Pursuant to Fed. R. Civ. P. 60(d)(3)." *Jackson v. United States*, No. 1:22-cv-94-SNLJ (E.D. Mo.). The Court analyzed the submission and determined that it was actually an attempt at a successive collateral attack under 28 U.S.C. § 2255. The Court therefore denied and dismissed the action on August 12, 2022.

Movant initiated the instant action on October 27, 2022, by submitting a letter that has been construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docket No. 1).

**The Motion**

In his motion, movant explains that a jury found him guilty of two counts of being a felon in possession of a firearm on January 14, 2014. He now asserts that the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) has made 18 U.S.C. § 922(g)(1) unconstitutional. Specifically, movant argues that "[i]n 1791, the founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons," and that "18 U.S.C. § 922(g)(1) is not consistent with this nation's historical tradition of firearm regulation." He asks the Court to "take judicial notice of its records and files, and issue an order for [his] immediate release from custody."

**Discussion**

Movant is a self-represented litigant who has filed a document construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

**A. Construction of Letter as Motion Pursuant to 28 U.S.C. § 2255**

The purpose of 28 U.S.C. § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). To that end, a collateral attack on a federal conviction is

typically made pursuant to § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating that it is well settled that "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"); and *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction…is most appropriately brought as a motion under 28 U.S.C. § 2255").

Here, movant is alleging that the statute under which he was convicted is unconstitutional, and that the Court should immediately release him from custody. This is a challenge to his conviction that is properly brought as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court has thus construed movant's letter as such.

   B. Successiveness

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit

Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the Court of Appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015). The Court further notes that an inmate cannot avoid the authorization requirement by simply recharacterizing his action. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

In this case, movant has submitted a document in which he requests immediate release. Because he is attacking his conviction and sentence, the Court construed the document as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This motion, however, is successive. More specifically, movant filed his first § 2255 motion on June 22, 2015. It was denied on the merits on November 5, 2015. The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment, and the United States Supreme Court denied certiorari. Movant also filed a petition for writ of error coram nobis, and a motion under Fed. R. Civ. P. 60, both of which were construed as § 2255 motions, and both of which were dismissed as successive. Additionally, movant has sought authorization from the Court of Appeals to bring a successive § 2255 motion on several prior occasions, with all attempts being denied.

Before movant can bring a second or successive 28 U.S.C. § 2255 motion in this Court, he must receive authorization from the Court of Appeals. Movant has not sought or received such authorization. Absent prior authorization, the Court lacks jurisdiction to entertain a successive 28 U.S.C. § 2255 motion, and must either dismiss it or transfer it to the Court of Appeals. *See United States v. Hines*, 513 Fed. Appx. 633, 633 (8th Cir. 2013). *See also United States v. Carranza*, 467 Fed. Appx. 543, 543 (8th Cir. 2012) (affirming district court denial of successive 28 U.S.C. § 2255 because district court lacked jurisdiction over the unauthorized motion).

7

### C. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." As discussed above, it is plainly apparent that movant's 28 U.S.C. § 2255 motion is successive, and that movant has not sought or received authorization from the Court of Appeals for an order allowing this Court to consider the application. Thus, the Court cannot entertain movant's request for relief. As such, the motion will be denied and this action dismissed.

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 4th day of November, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE